

```
                    FILED
            U.S. DISTRICT COURT
          EASTERN DISTRICT OF LA

           2005 DEC -5  PM 3: 31

           LORETTA G. WHYTE
                 CLERK
```

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY BAUMAN | CIVIL ACTION |
| VERSUS | NO. 05-5463 |
| SGT. TUSHANNA TERRELL, ET AL. | SECTION: "S" (1) |

### O R D E R

Plaintiff has filed a motion for a temporary restraining order and preliminary injunction.[1] Despite plaintiff's request for a temporary restraining order, his motion must be construed solely as one for a preliminary injunction because the relief he seeks would extend beyond the ten-day limit of a temporary restraining order. Neal v. Federal Bureau of Prisons, No. 03-30419, 2003 WL 22120976, at *1 (5th Cir. Sept. 12, 2003).

Under the law of this Circuit, plaintiff must make a clear showing that his case satisfies the following four criteria before he can receive a preliminary injunction: (1) a substantial likelihood exists that plaintiff will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the

---

[1] Rec. Doc. 5.

defendants if the injunction is granted; and (4) the injunction will not undermine the public interest. See Valley v. Rapides Parish School Board, 118 F.3d 1047, 1051 (5th Cir. 1997); see also Ingebresten v. Jackson Public School District, 88 F.3d 274, 278 (5th Cir. 1996); Doe v. Duncanville Independent School Dist., 994 F.2d 160, 163 (5th Cir. 1993); Holland American Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985). The movant must satisfy all four factors; a failure to satisfy even one of the four factors requires a denial of the preliminary injunction. See Mississippi Power & Light v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

The United Stated Fifth Circuit Court of Appeals has frequently cautioned that a preliminary injunction is an "extraordinary remedy," which should be granted only if the movant has clearly carried the burden of persuasion on all four of the above prerequisites. See, e.g., Cherokee Pump & Equipment Inc. v. Aurora Pump, 38 F.3d 246, 249 (5th Cir. 1994) (quoting Mississippi Power & Light, 760 F.2d 618). As a result, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." Id.; see also House the Homeless, Inc. v. Widnall, 94 F.3d 176, 180 (5th Cir. 1996).

Based on a review of plaintiff's complaint and the allegations in his motion, the Court finds that the requested extraordinary remedy is not warranted in this case. Accordingly, plaintiff's motion is **DENIED**.

New Orleans, Louisiana, this 2 day of December, 2005.

SALLY SHUSHAN
**UNITED STATES MAGISTRATE JUDGE**