

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY BAUMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-5463** |
| **SGT. TUSHANNA TERRELL, ET AL.** | **SECTION "S" (1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Anthony Bauman, a state inmate, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against Sgt. Tushanna Terrell, Lt. Seal, Sgt. McMurray, and Lt. Williams.

Defendants have filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6),[1] which plaintiff has opposed.[2] "[A] motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges the plaintiff's rights to relief based upon those facts." Ramming v. United States, 281 F.3d 158, 162 (5th Cir. 2001) (quotation marks omitted). "When ruling on a rule 12(b)(6) motion, the court must liberally construe the complaint in favor of the plaintiff and assume the truth of all pleaded facts." Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). "[W]hen considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must

---

[1] Rec. Doc. 11.

[2] Rec. Docs. 14 and 15; see also Rec. Doc. 13.

examine the complaint to determine whether the allegations provide relief on any possible theory." Ramming, 281 F.3d at 162.

In their motion, defendants argue that plaintiff has failed to "allege specific facts which, if proven, show any personal involvement" on the part of the defendants.[3] They contend that they are therefore entitled to qualified immunity and that the claims against them should be dismissed on that basis.

Defendants are correct that plaintiff must allege personal involvement. The United States Fifth Circuit Court of Appeals has held: "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).

Regarding defendants' assertion of qualified immunity, the United States Fifth Circuit Court of Appeals has noted:

> Qualified immunity protects officers from suit unless their conduct violates a clearly established constitutional right. Claims of qualified immunity require a two-step analysis. First we must determine whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the officer's conduct violated a constitutional right. If there is no constitutional violation, our inquiry ends. However, if the allegations could make out a constitutional violation, we must ask whether the right was clearly established – that is, whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.

---

[3] Rec. Doc. 11, supporting memorandum, p. 3.

2

Mace v. City of Palestine, 333 F.3d 621, 623-24 (5th Cir. 2003) (internal quotation marks and citations omitted).

As defendants note, plaintiff's original complaint was wanting. However, when a district court is considering a Rule 12(b)(6) motion in a case filed by a *pro se* plaintiff, the district court should consider the "complaint under the less stringent standards applicable to *pro se* litigants." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). In such cases, the district court is "required to look beyond the [plaintiff's] formal complaint and to consider as amendments to the complaint those materials subsequently filed." Id. Therefore, a *pro se* litigant's supplemental filings, such as plaintiff's memorandum in opposition to defendants' motion, which "embellish[] the original complaint's averments" may appropriately be considered when ruling on a Rule 12(b)(6) motion. Id. In the instant case, when plaintiff's opposition is considered in that light, it is evident that plaintiff has stated cognizable claims against the defendants.

Based on its review of plaintiff's original complaint and his memorandum in opposition to the motion to dismiss, the Court finds that plaintiff is making the following allegations in this civil action.

Plaintiff's problems allegedly stem from his attempts to ingratiate himself to Sgt. Tushanna Terrell, an officer at the Washington Correctional Institute (WCI) and a defendant herein, by sending her letters and sodas. Plaintiff claims that Terrell is the "girlfriend"[4] of Lt. Seal, another WCI officer and defendant herein. On March 20, 2005, Seal found one of plaintiff's letters to Terrell. On that

---

[4] Rec. Doc. 14, p. 2.

same date, plaintiff, while handcuffed, was beaten by Seal, who allegedly punched, kicked, and repeatedly slammed plaintiff against the door and bars of his cell. Plaintiff was also written up on an unspecified disciplinary violation and, apparently as a result, sentenced to ninety days on extended lockdown on April 11, 2005.

After plaintiff served his disciplinary sentence and returned to the general prison population, he again encountered Terrell, who then "fabricated false claims implicating [plaintiff] in improprieties with her."[5] As a result of those alleged false claims, plaintiff was beaten on August 11, 2005, by defendants Terrell, Seal, Williams, and McMurray. Plaintiff alleges that, while handcuffed, he was slammed into the bars of his cell and kicked in the back.

Plaintiff's allegations clearly allege the personal involvement of all of the named defendants, and those allegations, taken in the light most favorable to plaintiff, would support a finding that defendants' conduct violated plaintiff's constitutional right to be free from the use of excessive force.[6] Further, if plaintiff's allegations are true, it would be clear to a reasonable officer that the conduct was unlawful. Accordingly, defendants' motion should be denied.

## RECOMMENDATION

It is therefore **RECOMMENDED** that defendants' motion to dismiss be **DENIED**.

---

[5]  Rec. Doc. 14, p. 2.

[6]  The Eighth Amendment to the United States Constitution is violated when a prison guard uses excessive physical force maliciously and sadistically to cause harm. See, e.g., Baldwin v. Stadler, 137 F.3d 836, 838 (5th Cir. 1998)

4

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this tenth day of March, 2006.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE